## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIAN HALL** )<br>**2481 Tenerife Road** )<br>**Catlett, VA 20119** )<br> )<br>**LEWIS RANDALL** )<br>**5147 S. Bercot Road** )<br>**Freeland, WA 98249** )<br> )<br>**NORMAN ROGERS** )<br>**2627 S. Bayshore Drive, Apt. 1204** )<br>**Miami, FL 33133** )<br> )<br>**JOHN J. KRAUS** )<br>**10 Traverse Drive** )<br>**Plymouth Meeting, PA 19462-2534** )<br> )<br>**and** )<br> )<br>**RICHARD K. ARMEY** )<br>**915 Dove Creek Road** )<br>**Bartonville, TX  76226** )<br> )<br>**Plaintiffs** )<br> )<br>**v.** )<br> )<br>**MICHAEL LEAVITT, SECRETARY of** )<br>**the UNITED STATES DEPARTMENT** )<br>**OF HEALTH AND HUMAN SERVICES** )<br>**615F Hubert H. Humphrey Building** )<br>**200 Independence Avenue, S.W.** )<br>**Washington, DC  20201** )<br> )<br>**and** )<br> )<br>**MICHAEL J. ASTRUE, COMMISSIONER of** )<br>**the SOCIAL SECURITY ADMINISTRATION** )<br>**6401 Security Boulevard** )<br>**Baltimore, MD 21235-7703** )<br> )<br>**Defendants.** )<br> ) | **CIVIL ACTION**<br>**NO. 1:08-cv-01715-RMC**<br><br>**VERIFIED AMENDED AND**<br>**SUBSTITUTED COMPLAINT**<br>**FOR DECLARATORY**<br>**JUDGMENT, A RESTRAINING**<br>**ORDER AND PRELIMINARY**<br>**AND PERMANENT**<br> **INJUNCTIVE RELIEF** |

## AMENDED AND SUBSTITUTED COMPLAINT

NOW COME THE PLAINTIFFS, BRIAN HALL, LEWIS RANDALL, NORMAN ROGERS, JOHN J. KRAUS and RICHARD K. ARMEY, after being duly sworn, and for their Verified Amended And Substituted Complaint For Declaratory Judgment, a Restraining Order and Preliminary and Permanent Injunctive Relief ("Verified Amended Complaint"), against the Defendants, MICHAEL LEAVITT, SECRETARY of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and MICHAEL J. ASTRUE, COMMISSIONER of the SOCIAL SECURITY ADMINISTRATION, allege and state as follows:

### JURISDICTION

1.      This is a civil action seeking a declaration of rights regarding the validity of, and to enjoin, temporarily and permanently, *POMS ('Program Operations Manual System') HI ('Hospital Insurance') 00801.002, Waiver of HI Entitlement by Monthly Beneficiary,  POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, final, legislative, and substantive rules or policies promulgated by the Defendants, and to allow the Plaintiffs to not enroll in, or disenroll from, Medicare, Part A, without the loss of their Social Security monthly benefits or suffering other penalties or sanctions.  This civil action is brought pursuant to 42 USC §§ 405(g) and 1395ff, 28 USC §§1331, 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.  This civil action raises substantial federal questions in that *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, are contrary to, and promulgated in excess of, the authority conferred upon the Defendants by the Social Security Act, 42 USC §§ 401 *et seq.*, and the Medicare Act,

2

42 USC §§ 1395 *et seq*., and is contrary to 5 USC § 558(b) and Article I, Section I, and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States. This civil action is further brought pursuant to the Administrative Procedure Act, 5 USC §§ 702 to 706, in that the aforesaid *POMS HI 00801.002 Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, are final, legislative, and substantive rules or policies for which there was no notice and comment rule-making.

<b>VENUE</b>

2.      Venue is proper in this Court, pursuant to 28 USC § 1391, as either the Defendants reside in, and/or the administrative agencies for which the said Defendants conduct their business are in, the District of Columbia.

<b>PARTIES</b>

3.      Plaintiff, BRIAN HALL, is a resident and citizen of the Commonwealth of Virginia and has been receiving Social Security monthly benefits since 2006 and is eligible to enroll in Medicare in January 2009. To date, he has not enrolled in Medicare, but he will have to exercise his option to do so during the pendency of this civil action.

4.      Plaintiff, LEWIS RANDALL, is a resident and citizen of the State of Washington and is eligible to apply for Social Security monthly benefits and to enroll in Medicare, but has applied for, and/or enrolled in, neither. To date, he has received no Social Security monthly benefits, nor has he filed any Medicare claims whatsoever.

5.      Plaintiff, NORMAN ROGERS, is a resident and citizen of the State of Florida and is eligible to apply for Social Security monthly benefits and to enroll in Medicare, but has

3

applied for, and/or enrolled in, neither. To date, he has received no Social Security monthly benefits, nor has he filed any Medicare claims whatsoever.

6.     Plaintiff, JOHN J. KRAUS, is a resident and citizen of the Commonwealth of Pennsylvania and has been receiving Social Security monthly benefits since 2005 and was automatically enrolled in Medicare, Part A, then. He requested to disenroll from Medicare, Part A, in 2005, but his request was denied by the Social Security Administration. He attempted to appeal that determination, but the Defendant, MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, has, to the date of filing this Verified Amended Complaint, failed and refused to respond thereto.

7.     Plaintiff, RICHARD K. ARMEY, is a resident and citizen of the State of Texas and has been receiving Social Security monthly benefits since 2003 and was automatically enrolled in Medicare, Part A, in 2006, although he did not want to be enrolled in Medicare, Part A, but, rather, sought the continuance of the health insurance program he had in force pursuant to the Federal Employee Health Benefits Program, 5 USC §§ 8901 *et seq*. He was unable to keep his previous health care coverage because the Defendants claimed that receiving his Social Security monthly benefits was predicated upon his enrollment in Medicare, Part A.

8.     Defendant, MICHAEL LEAVITT, is the Secretary of the United States Department of Health and Human Services, the administrative agency of the government of the United States empowered to implement and administer the Medicare Program, 42 USC §§ 1395 *et seq*. The Defendant administers the Medicare Program through the Centers for Medicare and Medicaid Services, a department of the United States Department of Health and Human Services. The said Defendant, MICHAEL LEAVITT, is named herein as a Defendant in his official capacity as Secretary of the United States Department of Health and Human Services.

4

The Defendant's offices are located at 615F Hubert H. Humphrey Building, 200 Independence Avenue, S.W., Washington, DC 20201, where said Defendant may be served with process and this Verified Amended Complaint by registered or certified mail pursuant to Rule 4(i)(2)(A) of the Federal Rules of Civil Procedure.

9.    Defendant, MICHAEL J. ASTRUE, is the Commissioner of the Social Security Administration, an independent agency of the government of the United States empowered to implement and administer the Social Security program, 42 USC §§ 401 *et seq.* The said Defendant, MICHAEL J. ASTRUE, is named herein as a Defendant in his official capacity as Commissioner of the Social Security Administration. The Defendant's offices are located at 6401 Security Boulevard, Baltimore, MD 21235-7703, where said Defendant may be served with process and this Verified Amended Complaint by registered or certified mail pursuant to Rule 4(i)(2)(A) of the Federal Rules of Civil Procedure. The aforesaid Social Security Administration conducts its business at the aforesaid address and in the City of Washington, District of Columbia.

10.    Process and this Verified Amended Complaint shall also be served upon the Attorney General of the United States, Michael B. Mukasey, at 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001, and upon the United States Attorney for the District of Columbia, Jeffrey A. Taylor, 555 4th Street, N.W., Washington, DC 20530, by registered or certified mail, pursuant to Rule 4(i)(1)(A)(B) of the Federal Rules of Civil Procedure.

## STATEMENT OF CASE

11.    Plaintiffs, BRIAN HALL, LEWIS RANDALL, NORMAN ROGERS, JOHN J. KRAUS and RICHARD K. ARMEY, do not want to apply for, or want to disenroll from Medicare, Parts A and B, although all of the said Plaintiffs have paid Medicare taxes over the

course of their productive, income-earning years.    Likewise, said Plaintiffs have paid considerable sums into the Social Security trust fund.  They do want to apply for and/or be paid their monthly Social Security benefits to which they are entitled and which they have earned - and which have been set aside for them by the Social Security Administration - during the course of their productive, income-earning years, as said Plaintiffs have a property interest in said monthly Social Security benefits for all purposes of the Fifth Amendment to the Constitution of the United States.

12.    Plaintiffs, BRIAN HALL, LEWIS RANDALL, NORMAN ROGERS, JOHN J. KRAUS and RICHARD K. ARMEY, do not want to apply for Medicare, Parts A and B, or remain Medicare beneficiaries, because the health care services provided to Medicare beneficiaries are inferior to those they could obtain privately; the health care services provided to Medicare beneficiaries are now and will be, in the future, rationed because of budget constraints; and the health care services provided to Medicare beneficiaries are not provided with concerns for the Plaintiffs' privacy; rather, claims are filed with intermediaries and carriers under contract with the Defendant, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and are viewed and examined by hosts of individuals and shared with multiple federal, state, and even private agencies, pursuant to 42 USC §§ 1395 *et seq*. and the Health Insurance Portability and Accountability Act ("HIPAA"), 42 USC §§ 1171 *et seq*., among other statutory provisions.

13.    Plaintiff, BRIAN HALL, was formerly an employee of, and has retired from, the United States Department of Housing & Urban Development in Washington, DC and, pursuant to the Federal Employee Health Benefits Program, 5 USC §§ 8901 *et seq*., obtained health insurance which includes a Health Savings Account which is, and will be, available for the

6

balance of Plaintiff's life and will cover his future health care expenses. If Plaintiff BRIAN
HALL is required to enroll in Medicare, no additional deposits can be made to his Health
Savings Account.

14.     Plaintiffs, LEWIS RANDALL and NORMAN ROGERS, have, over the years,
saved monies sufficient to cover all of their respective health care expenses in the future, and, in
the case of Plaintiff LEWIS RANDALL, he has entered into arrangements with a carrier for a
very high deductible insurance policy to supplement his savings.

15.     Plaintiff, JOHN J. KRAUS, was formerly an employee of, and has retired from,
the United States Department of the Navy in Washington, DC, and, pursuant to the Federal
Employee Health Benefits Program, 5 USC §§ 8901 *et seq*., obtained health insurance which
included a Health Savings Account which is, and will be, available for the balance of Plaintiff's
life and will cover his future health care expenses.

16.     Plaintiff, RICHARD K. ARMEY, was formerly a representative of the Twenty-
sixth Congressional District of Texas in the United States House of Representatives and the
Majority Leader in the United States House of Representatives until he retired in 2003. Plaintiff,
RICHARD K. ARMEY, applied for and received his monthly Social Security benefits beginning
in 2003 and then, over his vigorous objection, was automatically enrolled in Medicare, Part A,
upon being notified by his health insurance carrier that the Social Security Administration and
the United States Department of Health and Human Services made enrollment in Medicare, Part
A, mandatory. Plaintiff, RICHARD K. ARMEY, had set aside funds that will be available to
him for his health care needs and has identified a high deductible insurance carrier to cover his
future health care expenses.

7

17.    Plaintiffs will be able to obtain all of the optimal health care services they need, free from interference, control and rationing by the Defendant, MICHAEL LEAVITT, and the United States Department of Health and Human Services, and his and its agents, servants, employees and counsel.    They will be able to obtain optimal health care services privately, without any claims being filed or information shared with any governmental agency, or any private agency, save for those who actually provide health care services to them, or in those instances where they actually decide to file a claim with a private insurance carrier.

18.    The Defendants promulgated a final legislative and substantive rule or policy on August 30, 1993, entitled *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary*, which reads:

A.    **INTRODUCTION**
Some individuals entitled to monthly benefits have asked to waive HI Entitlement because of religious or philosophical reasons, or because they prefer other health insurance.

B.    **POLICY**
Individuals entitled to monthly benefits which confer eligibility for HI may not waive HI Entitlement.  The only way to avoid HI Entitlement is through withdrawal of the monthly benefit application.    Withdrawal requires repayment of all RSDI and HI benefit payments.

A true and correct copy of the foregoing *POMS HI 00801.002, Waiver of HI Entitlement by Monthly            Beneficiary*,                is                found            at https://secure.ssa.gov/apps10/poms.nsf/lnx/0600801002!opendocument and made a part hereof as though set out at length herein.

19.    The Defendants promulgated a final legislative and substantive rule or policy on August 30, 1993, entitled, *POMS HI 00801.034, Withdrawal Considerations*, which reads:

### A.  POLICY

To withdraw from the HI program, an individual must submit a written request for withdrawal and must refund any HI benefits paid on his/her behalf as explained in GN00206.095B.I.c. An individual who filed an application for both monthly benefits and HI may:

- Withdraw the claim for monthly benefits without jeopardizing HI entitlement; or

- Withdraw the claim for both monthly benefits and HI.

The individual may not elect to withdraw only the HI claim.

A true and correct copy of the foregoing *POMS Section HI 00801.034, Withdrawal Considerations*, is found at https://secure.ssa.gov/apps10/poms.nsf/lnx/0600801034!opendocument and made a part hereof as though set out at length herein.

20.     The Defendants promulgated a final, legislative, and substantive rule or policy on May 23, 2002, entitled *POMS Section GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, which reads, in pertinent part:

### B.  POLICY

The claimant can withdraw an application for:

- RSI [Retirement or Survivors Insurance, i.e., Social Security] cash benefits only;

- RSI cash benefits and HI [Hospital Insurance, i.e., Medicare, Part A] insurance coverage…, or

- Medicare [Part B] only

However, a claimant who is entitled to monthly RSI benefits cannot withdraw HI [Medicare, Part A] coverage only since entitlement to HI [Medicare, Part A] is based on entitlement to monthly RSI benefits…

A true and correct copy of the foregoing *POMS GN 00206.020 Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, is found at https://secure.ssa.gov/apps10/poms.nsf/lnx/0200206020!opendocument and made a part hereof as though set out at length herein.

21.    The aforesaid *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, are final, substantive, and legislative rules or policies, promulgated by the Defendants, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, that vitally affect the Plaintiffs' individual rights and obligations; they are not interpretive rules or policies.

22.    At no time did either Defendant, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services or MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, or their predecessors, comply with the requirements for notice and comment rule-making set forth in the Administrative Procedure Act, 5 USC §§ 551 to 553, in promulgating the final legislative and substantive rules or policies set forth in *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary*, *POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*.

23.    Contrary to the aforesaid *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, both the Social Security Act, 42 USC §§ 401 *et seq*., specifically, but not limited to, 42 USC §§ 402 and 426, and the Medicare Act, 42 USC §§ 1395 *et seq*., specifically, but not limited to, 42 USC §§ 1395, 1395a, 1395b, 1395i-2 and 1395o, and the regulations lawfully and properly promulgated by the Defendant, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, namely 42 CFR Parts 406 and 408, and the

Defendant, MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, namely 20 CFR Part 404, make applying for Social Security monthly benefits and enrolling in Medicare, Parts A and B, entirely voluntary, and the applications for each of those programs is not dependent upon the application for the other. Because both programs are voluntary, according to the statutes and lawfully promulgated regulations of the Defendants, individuals may enroll in, or disenroll from, either one without being penalized or sanctioned.

24.    Plaintiff, BRIAN HALL, over twelve (12) months preceding the filing of this civil action, contacted representatives of the Defendants in order to ascertain the process he should use to avoid enrollment in Medicare, Part A. An agent, servant, and employee of the Defendant, MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, informed Plaintiff, BRIAN HALL, by telephone that he was **automatically** enrolled in Part A of Medicare when he reached age 65 and that he could not disenroll. If he disenrolled, the agent, servant, and employee informed Plaintiff, BRIAN HALL, that he would forfeit his monthly Social Security benefits. An agent, servant, employee, and counsel of the Defendant, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and of the Centers For Medicare and Medicaid Services, informed Plaintiff, BRIAN HALL, by telephone, that he was automatically enrolled in Part A of Medicare and that he could not disenroll. An agent, servant, employee, and counsel of the Defendant, MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, from the General Counsel's Office, similarly informed Plaintiff, BRIAN HALL, by telephone, that he could not disenroll from Medicare, Part A, unless he surrendered all of his Social Security monthly benefits. Both the representative of the Social Security Administration and the Counsel for the Centers for Medicare and Medicaid Services of

11

the United States Department of Health and Human Services aforesaid informed Plaintiff, BRIAN HALL, that if he was dissatisfied, his only remedy was to notify his congressman.

25.    The responses provided to the Plaintiff, BRIAN HALL, by all of the aforesaid agents, servants, employees, and counsel for the Defendants, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, conformed to, and were in accordance with, the final legislative and substantive rules and policies of the Defendants, as set forth in *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, and the Plaintiff BRIAN HALL was advised that he had to comply with those rules and policies.

26.    Plaintiffs, LEWIS RANDALL and NORMAN ROGERS, like Plaintiff, BRIAN HALL, are aware of the aforementioned final, legislative and substantive rules and policies of the Defendants, *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, and understand that for them not to enroll in Medicare, Part A, or to disenroll from Medicare, would cause them to forfeit their Social Security monthly benefits.

27.    Plaintiff, JOHN J. KRAUS, applied for his monthly Social Security benefits in February 2005 and informed the Social Security Administration that he did not want to enroll in Medicare, Part A.  Thereupon, his local Social Security Administration representative informed him he could not refuse to enroll in Medicare, Part A, and then handed to him *POMS HI00801.002 Waiver of HI Entitlement By Monthly Beneficiary* which is, in part,, the subject of

12

this case.   Plaintiff, JOHN J. KRAUS, requested, in writing, a "reconsideration," but was informed on December 21, 2005 that "….the law provides that eligibility to Medicare, Part A, entitlement is tied to monthly benefits.   Any individual establishing entitlement to monthly benefits cannot decline Medicare, Part A.   Medicare, Part A, entitlement is a necessary result of entitlement to monthly benefits for claimants age 65.   Entitlement to Medicare, Part A, continues until the individual dies or, in this case, until you are no longer entitled to retirement benefits.   A claimant can withdraw an application for cash benefits and keep Medicare, Part A, can withdraw both the cash and medical portions of the claim, but cannot withdraw only the Medicare, Part A, while keeping the cash benefits.   There are no provisions in the law allowing for a waiver of Medicare entitlement."   Plaintiff, JOHN J. KRAUS, requested by letter, dated February 8, 2006, and forwarded by certified mail, return receipt requested, that the Social Security Administration provide him a hearing before an Administrative Law Judge, but that request has gone unanswered to the date of filing this Verified Amended Complaint, nearly three years.

28.     Plaintiff, RICHARD K. ARMEY, never wanted to be enrolled in Medicare, Part A; rather, like his fellow Plaintiffs, BRIAN HALL, LEWIS RANDALL, NORMAN ROGERS and JOHN J. KRAUS, has other means by which he could pay for his health care needs. Plaintiff, RICHARD K. ARMEY, accordingly, desires to disenroll from Medicare, Part A, but not suffer the loss of his Social Security monthly benefits.

29.     Because the Defendants, pursuant to *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, have determined that an individual who has applied for Social Security Benefits is **automatically** enrolled in Medicare, Part A, Plaintiffs LEWIS RANDALL and NORMAN

13

ROGERS, understand that if and when they apply for their Social Security benefits to which they are entitled, they will be treated as having been "automatically" enrolled in Medicare, Part A. As a result, they would be denied their freedom to continue to pay privately for health care services. They would suffer the interruption of those services, or would be denied those services, with the physicians or practitioners of their choice because 42 USC § 1395a, as amended, mandates that a physician or practitioner may only enter into a private contract with a Medicare beneficiary if the physician or practitioner agrees, in writing, with the Defendant, MICHAEL LEAVITT, to no longer provide services and file claims for and on behalf of Medicare beneficiaries. (A Medicare beneficiary is defined therein as "an individual who is entitled to benefits under Part A...or enrolled under Part B.")   None of the said Plaintiffs' physicians or practitioners have, to Plaintiffs' knowledge, so agreed.  The effect of the aforesaid policies challenged herein will be immediate whenever any of the Plaintiffs applies for Social Security monthly benefits.

30.    The Plaintiffs are aware that at least one individual, David A. Nelson of Junction City, Oregon, sought to disenroll from, or not enroll in, Medicare, Part A, in 1999 by applying for an initial determination, pursuant to 42 USC § 405(g) and (h) and 42 USC § 1395ff, from both of the Defendants' predecessors-in-office so that he could pursue his administrative remedies. After lengthy delays, the Secretary of the United States Department of Health and Human Services, by and through her Associate General Counsel, informed Mr. Nelson that she "would not make an initial determination...because Mr. Nelson's entitlement to Medicare, Part A, was as a result of his entitlement to Title II (Social Security) retirement benefits and not as a result of a successful application for Medicare, Part A, benefits," the very same position enunciated by the Defendants in *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020,*

14

*Withdrawal (WD) Considerations When Hospital Insurance (HI) Is Involved* and the very same position enunciated by the Social Security Administration to Plaintiffs, BRIAN HALL and JOHN J. KRAUS. Like Mr. Nelson, Plaintiff, JOHN J. KRAUS, has never been given an answer or response to his request for a hearing and initial decision by the Social Security Administration. Plaintiff, JOHN J. KRAUS, has waited for nearly three (3) years.

31.    The responses of the Defendants to the request of the Plaintiffs, BRIAN HALL and JOHN J. KRAUS, and of the Defendants' predecessors to David Nelson, establish that the Secretary of the United States Department of Health and Human Services and the Commissioner of the Social Security Administration will not issue any determination on an individual's request to disenroll from, or not enroll in, Medicare, Part A, when the individual refuses to relinquish the individual's entitlement to Social Security retirement benefits.

32.    The final, legislative, and substantive rules and policies of the Defendants, embodied in *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, demonstrate that the Defendants have not provided any means by which an individual can administratively seek to disenroll from, or not enroll in, Medicare, Part A, when that individual refuses to relinquish his or her entitlement to Social Security monthly retirement benefits.

33.    The consistent position taken by the Defendants with respect to an individual's entitlement to Medicare, Part A, when that individual expresses a desire to retain entitlement to Social Security monthly benefits, establish that such an individual, including the Plaintiffs, cannot obtain any appealable determination or other ruling that would enable such an individual

15

to pursue any administrative remedy in attempting to disenroll from, or not enroll in, Medicare, Part A, while retaining entitlement to Social Security retirement benefits.

34.    Plaintiffs, BRIAN HALL, LEWIS RANDALL, NORMAN ROGERS, JOHN J. KRAUS and RICHARD K. ARMEY, want to retain, or apply for, their monthly Social Security benefits, the funds which the Defendant, MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, and his predecessors have set aside from Plaintiffs' earnings for more than forty (40) years, so that they and their dependents may obtain said monthly benefits upon their retirement, and said Plaintiffs have a property interest in said monthly Social Security benefits for all purposes of the Fifth Amendment of the Constitution of the United States. Said Plaintiffs do not want to apply for Medicare, Part A; all of them firmly believing that the policies aforementioned, *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, are patently contrary to the Social Security Act 42 USC §§ 401 *et seq*., specifically, but not limited to, 42 USC §§ 402 and 426, and the Medicare Act 42 USC §§ 1395 *et seq*., specifically, but not limited to, 42 USC §§ 1395, 1395a, 1395b, 1395i-2 and 1395o, and, consequently, 5 USC § 558(b) and Article I, Section I of the Constitution of the United States. They further believe that said policies violate the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States and amount to a taking of property by the Defendants in violation of the Fifth Amendment to the Constitution of the United States, and, that said policies were promulgated by said Defendants without notice and comment rule-making mandated for final legislative and substantive rules and policies by the Administrative Procedure Act, 5 USC §§ 551 to 553.

16

35.     Plaintiffs, BRIAN HALL, LEWIS RANDALL, NORMAN ROGERS, JOHN J. KRAUS and RICHARD K. ARMEY, want to apply for and/or retain their monthly benefits under the Social Security Act, but do not want to enroll in or remain enrolled in Medicare, but the Defendants, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, by and through their agents, servants, employees, and counsel, have threatened the Plaintiffs with the loss of their monthly Social Security benefits if they refuse to enroll in or seek to disenroll from Medicare, Part A, relying on the final legislative and substantive rules or policies, *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved.*

36.     There are no administrative appeal mechanisms applicable to the issues raised herein by the Plaintiffs, BRIAN HALL, LEWIS RANDALL, NORMAN ROGERS, JOHN J. KRAUS and RICHARD K. ARMEY, and 42 USC § 405(g) and (h) and 42 USC §§ 1395ff and 1395ii provide no avenue or channel by which the Plaintiffs can address the issues raised herein and, thus, the policies challenged herein are the final determinations of the Defendants. One reason the aforesaid appeal mechanisms are not applicable to the issues raised herein is that the very application of such mechanisms undermine and deny the voluntariness of participation in the Medicare program guaranteed by the Medicare Act, 42 USC §§ 1395 *et seq*. and the Social Security Act, 42 USC §§ 401 *et seq*.

**FIRST CAUSE OF ACTION**

37.     Plaintiffs, BRIAN HALL, LEWIS RANDALL, NORMAN ROGERS, JOHN J. KRAUS and RICHARD K. ARMEY, readopt and re-allege each and every allegation set forth in

paragraphs 1 through 36 of this Verified Amended Complaint as if set out at length herein verbatim.

38.    The final legislative and substantive rules or policies, *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, are absolutely contrary to the Social Security Act, 42 USC §§ 401 *et seq.*, specifically, but not limited to, 42 USC §§ 402 and 426, and the Medicare Act, 42 USC §§ 1395 *et seq.*, specifically, but not limited to, 42 USC §§ 1395, 1395a, 1395b, 1395i-2 and 1395o, in that neither the Social Security Act, nor the Medicare Act mandate that the Plaintiffs enroll in Medicare, Part A, in order to receive the monthly Social Security benefits to which they are otherwise entitled, and, as such, said final legislative and substantive rules or policies, *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, are invalid.

39.    5 USC §§ 702 to 706 authorizes this Court to issue injunctions enjoining the enforcement of invalid rules and policies such as *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, promulgated by the Defendants, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the Social Security Administration.

40.    Plaintiffs have no plain, speedy or adequate remedy, other than the issuance by this Court of an injunction restraining the Defendants, MICHAEL LEAVITT, Secretary of the

18

United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the United States Social Security Administration, their successors-in-office, and any and all agents, servants, employees and counsel acting on Defendants' behalf, from proceeding any further with the implementation and enforcement of *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS Section HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, and to allow the Plaintiffs not to enroll in, or to disenroll from Medicare, Part A, without being denied their monthly Social Security benefits, or being otherwise penalized or sanctioned.  Unless the requested injunctive relief is granted, Plaintiffs will suffer irreparable injury in that they will be denied their monthly Social Security benefits, the funds which they have contributed to the Social Security Trust Fund for their retirement over the past forty (40) years of their productive lives and employment, unless they enroll in Medicare, Part A, or, they will be forced to surrender their privacy and their control over their own health care and receive, thereby, less adequate health care than if they paid for it themselves, if they are required to remain in, or enroll in, Medicare, Part A.

### SECOND CAUSE OF ACTION

41.     Plaintiffs, BRIAN HALL, LEWIS RANDALL, NORMAN ROGERS, JOHN J. KRAUS and RICHARD K. ARMEY, readopt and re-allege each and every allegation set forth in paragraphs 1 through 40 of this Verified Amended Complaint as if set out at length herein verbatim.

42.     The final legislative and substantive rules or policies, *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital*

*Insurance (HI) is Involved*, are absolutely contrary to the Defendants' own rules and regulations duly, lawfully and properly promulgated pursuant to the Administrative Procedure Act, 5 USC §§ 551 to 553, specifically, 20 CFR Part 404 and 42 CFR Parts 406 to 408, all of which mandate not only the voluntariness of applying for monthly Social Security benefits and enrolling in Medicare, Part A, but expressly define "entitlement" to only provide a means by which Plaintiffs may apply to actually receive benefits.

43.    5 USC §§ 702 to 706 authorizes this Court to issue injunctions enjoining the enforcement of invalid rules and policies such as *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, promulgated by the Defendants, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the United States Social Security Administration.

44.    Plaintiffs have no plain, speedy or adequate remedy, other than the issuance by this Court of an injunction restraining the Defendants, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the United States Social Security Administration, and their successors-in-office, and any and all agents, servants, employees and counsel acting on Defendants' behalf, from proceeding any further with the implementation and enforcement of *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, and to allow the Plaintiffs not to enroll in or to disenroll from Medicare, Part A, without being denied their monthly Social Security benefit, or otherwise

penalized or sanctioned.  Unless the requested injunctive relief is granted, Plaintiffs will suffer irreparable injury in that they will be denied their monthly Social Security benefits, the funds which they have contributed to the Social Security Trust Fund for their retirement over the past forty (40) years of their productive lives and employment, unless they enroll in Medicare, Part A, or, they will be forced to surrender their privacy and their control over their own health care and receive, thereby, less adequate health care than if they paid for it themselves, if they are required to remain in, or enroll in, Medicare, Part A.

### THIRD CAUSE OF ACTION

45.    Plaintiffs, BRIAN HALL, LEWIS RANDALL, NORMAN ROGERS, JOHN J. KRAUS and RICHARD K. ARMEY, readopt and re-allege each and every allegation set forth in paragraphs 1 through 44 of this Verified Amended Complaint as if set out at length herein verbatim.

46.    The final legislative and substantive rules or policies, *POMS HI00801.002, Waiver if HI Entitlement by Monthly Beneficiary, POMS HI00801.034, Withdrawal Considerations*, and *POMS GN 00206.020, Withdrawal Considerations When Hospital Insurance (HI) is Involved*, are absolutely contrary to the Social Security Act, 42 USC §§ 401 *et seq..* Specifically, but not limited to, 42 USC §§ 402 and 426, and the Medicare Act, 42 USC §§ 1395 *et seq.*, specifically, but not limited to, 42 USC §§ 1395, 1395a, 1395b, 1395i-2 and 1395o, in that neither the Social Security Act nor the Medicare Act mandate that the Plaintiff enroll in Medicare, Part A, in order to receive the monthly Social Security benefit to which they are otherwise entitled, and neither the Social Security Act nor the Medicare Act delegate to the Defendants the authority to issue such substantive rules or policies or impose the penalty or sanction of denying to the Plaintiffs their Social Security monthly benefits because they do not

want to enroll in, or seek to disenroll from Medicare, Part A, and, as such, said final legislative and substantive rules or policies, *POMS HI00801.002, Waiver if HI Entitlement by Monthly Beneficiary*, *POMS HI00801.034, Withdrawal Considerations*, and *POMS GN 00206.020, Withdrawal Considerations When Hospital Insurance (HI) is Involved*, are contrary to 5 USC 558(b) and invalid.

47.    5 USC §§ 702 to 706 authorizes this Court to issue injunctions enjoining the enforcement of invalid rules and policies such as *POMS HI00801.002, Waiver if HI Entitlement by Monthly Beneficiary*, *POMS HI00801.034, Withdrawal Considerations*, and *POMS GN 00206.020, Withdrawal Considerations When Hospital Insurance (HI) is Involved*, promulgated by the Defendants, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the Social Security Administration.

48.    Plaintiffs have no plain, speedy or adequate remedy, other than the issuance by this Court of an injunction restraining the Defendants, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the Social Security Administration and their successors-in-office and any and all agents, servants, employees, and counsel acting on Defendants' behalf, from proceeding any further with the implementation and enforcement of *POMS HI00801.002, Waiver if HI Entitlement by Monthly Beneficiary*, *POMS HI00801.034, Withdrawal Considerations*, and *POMS GN 00206.020, Withdrawal Considerations When Hospital Insurance (HI) is Involved*, and to allow Plaintiffs not to enroll in or to disenroll from Medicare, Part A, without being denied their monthly Social Security benefit, or otherwise penalized or sanctioned.  Unless the requested relief is granted, Plaintiffs will suffer irreparable injury in that they will be denied their

monthly Social Security benefits, the funds which they have contributed to the Social Security

Trust Fund for their retirement   over the last forty (40) years of their productive lives and

employment, unless they enroll in Medicare, Part A, or, they will be forced to surrender their

privacy and their control over their own health care and receive thereby less adequate health care

than if they paid for their own health care costs, if they are required to remain in, or enroll in,

Medicare, Part A, Plaintiffs have no adequate remedy at law.

### FOURTH CAUSE OF ACTION

49.      Plaintiffs, BRIAN HALL, LEWIS RANDALL, NORMAN ROGERS, JOHN J.

KRAUS and RICHARD K. ARMEY, readopt and re-allege each and every allegation set forth in

paragraphs 1 through 48 of this Verified Amended Complaint as if set out at length herein

verbatim.

50.      The final legislative and substantive rules or policies, *POMS HI 00801.002,*

*Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal*

*Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital*

*Insurance (HI) is Involved*, are absolutely contrary to the Social Security Act, 42 USC §§ 401 *et*

*seq*., specifically, but not limited to, 42 USC §§ 402 and 426, and the Medicare Act, 42 USC §§

1395 *et seq*., specifically, but not limited to, 42 USC §§ 1395, 1395a, 1395b, 1395i-2 and 1395o,

in that neither the Social Security Act, nor the Medicare Act mandate that the Plaintiffs enroll in

Medicare, Part A, in order to receive the monthly Social Security benefit to which they are

otherwise entitled, and, as such, said final legislative and substantive rules or policies, *POMS HI*

*00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal*

*Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital*

*Insurance (HI) is Involved*,  are invalid and violative of Article I, Section I, of the Constitution of the United States.

51.    5 USC §§ 702 to 706 authorizes this Court to issue injunctions enjoining the enforcement of invalid rules and policies such as *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations, and POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, promulgated by the Defendants, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the Social Security Administration.

52.    Plaintiffs have no plain, speedy or adequate remedy, other than the issuance by this Court of an injunction restraining the Defendants, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, and their successors-in-offices and any and all agents, servants, employees, and counsel acting on Defendants' behalf, from proceeding any further with the implementation and enforcement of *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, and to allow the Plaintiffs not to enroll in or to disenroll from Medicare, Part A, without being denied their monthly Social Security benefit, or otherwise penalized or sanctioned. Unless the requested injunctive relief is granted, Plaintiffs will suffer irreparable injury in that they will be denied their monthly Social Security benefits, the funds which they have contributed to the Social Security Trust Fund for their retirement over the past forty (40) years of their productive lives and employment, unless they enroll in Medicare, Part A, or, they will be forced

24

to surrender their privacy and their control over their own health care if they are required to remain in, or enroll in, Medicare, Part A.

## FIFTH CAUSE OF ACTION

53.     Plaintiffs, BRIAN HALL, LEWIS RANDALL, NORMAN ROGERS, JOHN J. KRAUS and RICHARD K. ARMEY, readopt and re-allege each and every allegation set forth in paragraphs 1 through 52 of this Verified Amended Complaint as if set out at length herein verbatim.

54.     The effect of the final legislative and substantive rules or policies, *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, will require the Plaintiffs to enroll in Medicare, Part A, or remain enrolled in Medicare, Part A, and, accordingly, be required to receive less than optimal health care and even rationed health care, while, at the same time, surrendering their fundamental privacy in the health care services received, all in violation of the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States, or, suffer their property interest in their Social Security monthly benefits to be taken by the Defendants in violation of the Fifth Amendment to the Constitution of the United States.

55.     5 USC §§ 702 to 706 authorizes this Court to issue injunctions enjoining the enforcement of invalid rules and policies such as *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, promulgated by the Defendants, MICHAEL LEAVITT, Secretary of the United States

Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the Social Security Administration.

56.    Plaintiffs have no plain, speedy or adequate remedy, other than the issuance by this Court of an injunction restraining the Defendants, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, and their successors-in-office, and any and all agents, servants, employees and counsel acting on Defendants' behalf, from proceeding any further with the implementation and enforcement of *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, and to allow the Plaintiffs not to enroll in or to disenroll from Medicare, Part A, without being denied their monthly Social Security benefit, or otherwise penalized or sanctioned. Unless the requested injunctive relief is granted, Plaintiffs will suffer irreparable injury in that they will be denied their monthly Social Security benefits, the funds which they have contributed to the Social Security Trust Fund for their retirement over the past forty (40) years of their productive lives and employment, unless they enroll in Medicare, Part A, or, they will be forced to surrender their privacy and their control over their own health care and receive, thereby, less adequate health care than if they paid for it themselves, if they are required to remain in, or enroll in, Medicare, Part A.

## SIXTH CAUSE OF ACTION

57.    Plaintiffs, BRIAN HALL, LEWIS RANDALL, NORMAN ROGERS, JOHN J. KRAUS and RICHARD K. ARMEY, readopt and re-allege each and every allegation set forth in

paragraphs 1 through 56 of this Verified Amended Complaint as if set out at length herein verbatim.

58.    *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, are final, substantive, and legislative rules or policies that vitally affect the Plaintiffs' individual rights and obligations, designed to implement the Social Security Act, 42 USC §§ 401 *et seq*. and the Medicare Act, 42 USC §§ 1395 *et seq*., and were promulgated by the Defendants, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the United States Social Security Administration, without notice and comment rule-making, as mandated by 5 USC §§ 551 to 553.

59.    5 USC §§ 702 to 706 authorizes this Court to issue injunctions enjoining the enforcement of invalid rules and policies such as *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, promulgated by the Defendants, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the Social Security Administration.

60.    Plaintiffs have no plain, speedy or adequate remedy, other than the issuance by this Court of an injunction restraining the Defendants, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the United States Social Security Administration, and their successors-in-office, and any and all agents, servants, employees, and counsel acting on Defendants' behalf,

27

from proceeding any further with the implementation and enforcement of *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved,* and to allow the Plaintiffs not to enroll in or to disenroll from Medicare, Part A, without being denied their monthly Social Security benefit, or otherwise penalized or sanctioned. Unless the requested injunctive relief is granted, Plaintiffs will suffer irreparable injury in that they will be denied their monthly Social Security benefits, the funds which they have contributed to the Social Security Trust Fund for their retirement over the past forty (40) years of their productive lives and employment, unless they enroll in Medicare, Part A, or, they will be forced to surrender their privacy and their control over their own health care and receive, thereby, less adequate health care than if they paid for it themselves, if they are required to remain in, or enroll in, Medicare, Part A. Plaintiffs have no adequate remedy at law.

### PRAYER

WHEREFORE, Plaintiffs, BRIAN HALL, LEWIS RANDALL, NORMAN ROGERS, JOHN J. KRAUS and RICHARD K. ARMEY, demand that the Court:

1.    Issue a Restraining Order and a Preliminary Injunction enjoining the Defendants, MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, and MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, from enforcing *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved,* during the pendency of this action;

2.    Enter an Order declaring that *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN*

*00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, violate the Social Security Act, 42 USC §§ 401 *et seq*., specifically 42 USC §§ 402 and 426, and the rules and regulations lawfully and properly promulgated thereunder, specifically 20 CFR Part 404, and the Medicare Act, 42 USC §§ 1395 *et seq*., specifically 42 USC §§ 1395, 1395a, 1395b, 1395i-2 and 1395o, and the rules and regulations lawfully and properly promulgated thereunder, specifically 42 CFR Parts 406 and 408, and further violate, as a consequence, 5 USC § 558(b) and Article I, Section I of the Constitution of the United States;

3.    Enter an Order declaring that *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, violate the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States and/or amount to a taking of property in violation of the Fifth Amendment to the Constitution of the United States;

4.    Enter an Order declaring that *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, are final, legislative, and substantive rules or policies that affect the rights and obligations of the Plaintiffs for which there was no notice and comment rule-making and, accordingly, said *POMS HI 00801.002, Waiver of HI Entitlement by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN 00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, are invalid, their promulgation having violated the Administrative Procedure Act, 5 USC §§ 501 to 503;

5.      Issue a permanent injunction enjoining the Defendants, MICHAEL LEAVITT,
Secretary of the United States Department of Health and Human Services, and MICHAEL J.
ASTRUE, Commissioner of the United States Social Security Administration, their agents,
servants, employees, and counsel from enforcing *POMS HI 00801.002, Waiver of HI Entitlement
by Monthly Beneficiary, POMS HI 00801.034, Withdrawal Considerations,* and *POMS GN
00206.020, Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*, and
allowing Plaintiffs not to enroll in, or to disenroll from, Medicare, Part A, without the loss of
their Social Security monthly benefits and without any other penalty or sanction;

6.      Award the Plaintiffs their reasonable attorneys fees and costs in this civil action,
pursuant to the Equal Access to Justice Act, 5 USC § 504; and

7.      Award Plaintiffs such other and further relief as the Court considers just and
proper.

30

**VERIFICATION**

I, Brian Hall, declare, under penalty of perjury, that the foregoing is true and correct.

Date: 12/9/2009

Brian Hall

I, Lewis Randall, declare, under penalty of perjury, that the foregoing is true and correct.

Date: 08 Dec 2008

_____
LEWIS RANDALL

I, Norman Rogers, declare, under penalty of perjury, that the foregoing is true and correct.

Date: 8 Dec 2008                    Norman Rogers
                                    NORMAN ROGERS

## VERIFICATION

I, John J. Kraus, declare, under penalty of perjury, that the foregoing is true and correct.

Date: Dec. 10, 2008

JOHN J. KRAUS

## VERIFICATION

I, Richard K. Armey, declare, under penalty of perjury, that the foregoing is true and correct.


Date: _12-10-0 8_                    _____
                                     RICHARD K. ARMEY

/s/ Frank M. Northam\_\_\_\_
Frank M. Northam
D.C. Bar No. 206110
Webster, Chamberlain & Bean
1747 Pennsylvania Avenue, NW, Suite 1000
Washington, DC 20006
Telephone: (202) 785-9500
Fax: (202) 835-0243
Email: fnortham@wc-b.com


/s/ Kent Masterson Brown\_\_\_\_
Kent Masterson Brown
Law Offices of Kent Masterson Brown
P.O. Box 1208
315 N. Broadway
Lexington, KY  40588-1208
Telephone: (859) 455-9330
Fax: (859) 455-9430
Email: kmb@qx.net