UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **BRIAN HALL,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-1715 (RMC) |
| ) | |
| **KATHLEEN SEBELIUS**[1], Secretary, ) | |
| **Department of Health & Human Services,** ) | |
| *et al.* ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Brian Hall, a retiree from the federal Department of Housing and Urban Development ("HUD"), sues the Department of Health and Human Services ("HHS") and the Social Security Administration ("SSA") to avoid being forced to accept Medicare Part A, and forego his private health insurance. Before the Court is Mr. Hall's motion for a preliminary injunction to prevent HHS and the SSA from "enrolling" him in Medicare Part A. Dkt. # 7. For the reasons stated below and in the Court's February 25, 2009 Memorandum Opinion [Dkt. # 13], the Court will deny Mr. Hall's motion.

Mr. Hall has been receiving social security benefits since February 2006, at which time he was age 62. Pl.'s Mem. in Supp. of Mot. for Prelim. Inj. ("Pl.'s Mem.") [Dkt. # 7] at 1. Upon reaching the age of 65, Mr. Hall became a "Medicare beneficiary," that is, "an individual who is entitled to benefits under Part A of this subchapter or enrolled under Part B of this subchapter."

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kathleen Sebelius is substituted as Secretary for her predecessor, Michael O. Leavitt, Secretary of the U.S. Department of Health and Human Services.

42 U.S.C. § 1395a(b)(5). Mr. Hall has notified HHS that he is unwilling to enroll in Medicare Part B, which provides coverage for physician care, but, pursuant to certain policies of HHS,[2] he cannot similarly decline Medicare Part A, which provides coverage for hospital costs. Pl.'s Mem. at 3.

Mr. Hall alleges that the HHS policies, as expressed in the POMS, are not reflected in any statutory language. He argues that the effect of the challenged POMS is to force him and all citizens to "enroll" in Medicare Part A whether they want to or not. He wishes to receive monthly Social Security benefits without any Medicare coverage; however, the POMS would require him to withdraw from receiving social security benefits and repay all such benefits already received in order to opt out of Medicare Part A. *See id.* at 8.

On January 6, 2009, Mr. Hall filed a motion for a temporary restraining order and a motion for a preliminary injunction in an attempt to prevent Defendants from "enrolling" him in Medicare Part A. By Order dated February 25, 2009, this Court denied his motion for a temporary restraining order. *See* Dkt. # 14. As with his motion for a temporary restraining order, the focus of Mr. Hall's motion for a preliminary injunction is three provisions in SSA's POMS, which he asserts "serve to tie monthly benefits under social security and Medicare Part A enrollment together and to confiscate an individual's Social Security monthly benefits if he or she attempts to opt out of Medicare, Part A." Pl.'s Mem. at 8. Mr. Hall therefore moves to enjoin HHS and the SSA from "automatically enrolling" him in Medicare, Part A, and from denying him Social Security benefits while this case is litigated. *Id*. at 44.

---

[2] *See* Program Operations Manual System ("POMS") Hospital Insurance ("HI") 00801.002, *Waiver of HI Entitlement by Monthly Beneficiary*; POMS HI 00801.034, *Withdrawal (WD) Considerations*; and POMS GN 00206.020, *Withdrawal (WD) Considerations When Hospital Insurance (HI) is Involved*. These POMS are available at https://secure.ssa.gov/apps10/poms.nsf/partlist!OpenView.

In order to get the relief it seeks, a party seeking a preliminary injunction must demonstrate: "1) a substantial likelihood of success on the merits, 2) that it would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction." *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995). The same four factors apply to a motion for a temporary restraining order. *Experience Works, Inc. v. Chao*, 267 F. Supp. 2d 93, 96 (D.D.C. 2003); *Morgan Stanley DW Inc. v. Rothe*, 150 F. Supp. 2d 67, 72 (D.D.C. 2001). However, when considering Plaintiff's motion for a temporary restraining order, this Court found that any analysis of these factors would be premature:

> Defendants do not, and did not, "enroll" Mr. Hall in Medicare Part A. . . . Under Defendants' interpretation of the relevant statutes and regulations, the validity of which is left for another day, since Mr. Hall became entitled to Medicare Part A benefits, he has had the right to request that certain hospital services be paid for by Medicare Part A, but the government did nothing to cause Mr. Hall to become "entitled" to Medicare Part A, nor did it take any action to "enroll" him.

Feb. 25, 2009 Mem. Op. [Dkt. # 13] at 8-9. The facts have not changed since the Court entered its last opinion; there is still no action for the Court to enjoin here and, therefore, no cause to issue a preliminary injunction. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Preliminary Injunction [Dkt. # 7] is **DENIED**.

**SO ORDERED.**

Date: July 30, 2009                                    /s/
                                                                    ROSEMARY M. COLLYER
                                                                    United States District Judge