UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIAN HALL, et al., )
)
     Plaintiffs, )
)
v. )
) Civil Action No. 08-1715 (RMC)
)
KATHLEEN SEBELIUS, Secretary, )
Department of Health & Human Services, )
et al. )
)
     Defendants. )
                  )

**DEFENDANTS' ANSWER TO THE
AMENDED AND SUBSTITUTED COMPLAINT**

  Defendants, Kathleen Sebelius, the Secretary of Health and Human Services (the "Secretary"), and Defendant Michael J. Astrue, Commissioner of the Social Security Administration (the "Commissioner"), by and through their undersigned counsel, hereby answer Plaintiff's Amended and Substituted Complaint ("Complaint") as follows:

**FIRST DEFENSE**

  The Court lacks subject matter jurisdiction over plaintiffs' claims.

**SECOND DEFENSE**

  Plaintiffs have failed to exhaust their administrative remedies.

**THIRD DEFENSE**

  Plaintiffs' claims are time-barred by the sixty-day time limit in 42 U.S.C. 405(g).

**FOURTH DEFENSE**

  Plaintiffs' claims are time-barred by 28 U.S.C. 2401(a) or other applicable statute of limitations.

**FIFTH DEFENSE**

  Venue is improper under 42 U.S.C. 405(g) because none of the plaintiffs reside in the

District of Columbia.

## SIXTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

## SEVENTH DEFENSE

The relief sought should be denied as a matter of sound judicial discretion because plaintiffs cannot make out the requirements for equitable relief.

## EIGHTH DEFENSE

Defendants answer the numbered paragraphs of the Complaint, using the same numbering contained in the Complaint, as follows:

1. This paragraph contains Plaintiff's characterizations of this action and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, deny and refer the Court to the contents of this action for a complete and accurate statement of its contents.

2. The allegations in this paragraph state conclusions of law about venue in this case for which no response is required; to the extent a response is required, deny.

3. Deny the first sentence, except admit that plaintiff Brian Hall has been receiving Social Security monthly benefits since 2006, and aver that defendants lack information sufficient to form a belief as to whether plaintiff Hall is a resident and citizen of the Commonwealth of Virginia. The second sentence states conclusions of law to which no response is required, but to the extent a response is required, denied. By way of further response, plaintiff Hall became entitled to Medicare Part A on January 1, 2009.

4-5. These paragraphs pertain exclusively to causes of action that have been dismissed, so no response is required.

6. Deny the first sentence, except admit that plaintiff John Kraus has been receiving

Social Security monthly benefits since 2005, and aver that defendants lack information sufficient to form a belief as to whether plaintiff Kraus is a resident and citizen of the Commonwealth of Pennsylvania.  The second sentence purports to characterize plaintiff Kraus's request for reconsideration, and the Social Security Administration's response thereto, both of which speak for themselves and are attached to plaintiffs' motion for summary judgment; thus, no response is required.  The third sentence is denied except admit that plaintiff Kraus appears to have filed a request for an ALJ hearing, and that the Social Security administration had not responded to such request by the date of filing of the Complaint; by way of further response, plaintiff Kraus has now received a response, the requested ALJ hearing, an ALJ decision, and a decision from the Medicare Appeals Council (MAC) declining to review the ALJ decision.

      7.     Deny the first sentence, except aver that defendants lack information sufficient to form a belief as to what plaintiff Armey wants, whether he is a resident and citizen of the State of Texas, and what he sought, if anything, from the Federal Employee Health Benefits Program.  The second sentence is denied except to aver that defendants lack information sufficient to form a belief as to whether plaintiff Armey was "unable" to keep his previous healthcare.

      8.     The first sentence of this paragraph is denied except aver that no response is required to the extent that it characterizes the statutory provisions codified at 42 U.S.C. 1395 <u>et seq.</u> and states conclusions of law about the Secretary's statutory responsibility to implement and administer the Medicare Program; by way of further response, defendants aver that Kathleen Sebelius has been substituted as a defendant in her official capacity as Secretary of Health and Human Services.  Admit the second sentence, except aver that the Centers for Medicare & Medicaid Services is an operating division of the Department of Health and Humans Services.  The third sentence is plaintiffs' characterization of the capacity in which the Secretary is named, to which no response is required.  The fourth sentence is admitted except that service should be

3

directed to Room 700E at 200 Independence Avenue, S.W., and that to the extent this sentence purports to state what is required for sufficient service, it is conclusion of law to which no response is required.

9. Admit the first sentence except aver that no response is required to the extent that it characterizes the statutory provisions codified at 42 U.S.C. 401 et seq, and states conclusions of law about the Commissioner's statutory responsibility to implement and administer the Social Security Program. The second sentence is plaintiffs' characterization of the capacity in which the Commissioner is named, to which no response is required. The third sentence is admitted except aver that no response is required to the extent this sentence purports to state a conclusion of law about what is required for sufficient service under the federal rules. Admit the fourth sentence.

10. This paragraph characterizes plaintiffs' intentions regarding service of process to which no response is required; to the extent a response is required, defendants lack sufficient information to form a belief as to plaintiff's intentions at the time of this allegation.

11. As to first two sentences, defendants lack information sufficient to form a belief as to the truth of the allegations asserted except aver that plaintiffs Hall, Kraus, and Armey have paid Medicare and social security taxes. As to the third sentence, defendants lack information sufficient to form a belief as to what plaintiffs want, and aver that, as to the last twenty-seven words of this sentence, plaintiffs state a legal conclusion to which no response is required.

12. The allegations in this paragraph are denied, except aver that no response is required insofar as plaintiffs characterize various statutory provisions and their applicability, and further aver that defendants lack sufficient information to form a belief about what plaintiffs want.

13. Defendants lack sufficient information to form a belief as to the truth of the

allegations in the first sentence. The second sentence states a conclusion of law to which no response is required.

14.     This paragraph pertains exclusively to causes of action that have been dismissed, so no response is required.

15.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph.

16.     The first sentence is admitted. Deny the second sentence except aver that defendants lack sufficient information to form a belief as to whether plaintiff Armey's health insurance carrier "notified" him of anything or the contents of any such purported notification. Defendants lack sufficient information to form a belief as to the truth of the third sentence.

17.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph.

18.     As to plaintiffs' allegation that defendants "promulgated a final legislative and substantive rule or policy" in the referenced POMS provision, denied, except that to the extent this allegation purports to characterize the legal effect of the POMS, aver that no response is required; by way of further response, defendants aver that HHS wrote the referenced POMS provision, POMS Section HI 00801.002, and that the provision existed substantially in its current form at least as early as August 30, 1993. The remainder of this paragraph purports to describe and incorporate the referenced POMS provision, and thus no response is required, but to the extent a response is required, denied, and refer the Court the POMS provision identified for a true and accurate statement of its contents.

19.     As to plaintiffs' allegation that defendants "promulgated a final legislative and substantive rule or policy" in the referenced POMS provision, denied, except that to the extent this allegation purports to characterize the legal effect of the POMS, aver that no response is

required; by way of further response, defendants aver that HHS wrote the referenced POMS provision, POMS Section HI 00801.034, and that the provision existed substantially in its current form at least as early as August 30, 1993. The remainder of this paragraph purports to describe and incorporate the referenced POMS provision, and thus no response is required, but to the extent a response is required, denied, and refer the Court the POMS provision identified for a true and accurate statement of its contents.

20. As to plaintiffs' allegation that defendants "promulgated a final legislative and substantive rule or policy" in the referenced POMS provision, denied, except that to the extent this allegation purports to characterize the legal effect of the POMS, aver that no response is required; by way of further response, defendants aver that SSA wrote the referenced POMS provision, POMS Section GN 00206.020, and that the provision existed substantially in its current form at least as early as May 23, 2002. The remainder of this paragraph purports to describe and incorporate the referenced POMS provision, and thus no response is required, but to the extent a response is required, denied, and refer the Court the POMS provision identified for a true and accurate statement of its contents.

21. This paragraph contains conclusions of law to which no response is required.

22. This paragraph contains legal conclusions to which no response is required.

23. This paragraph contains legal conclusions to which no response is required and purports to characterize the content of various statutory and regulatory and POMS provisions, the contents of which speak for themselves.

24. Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph, except aver that no response is required to the extent that this

allegation purports to characterize the content and/or effect of the referenced POMS provisions.

26.  This paragraph pertains exclusively to causes of action that have been dismissed, so no response is required.

27.  As to the first sentence, defendants lack information sufficient to form a belief as to the truth of the allegations, except admit that plaintiff Kraus applied for Social Security benefits in February 2005. Defendants lack information sufficient to form a belief as to the truth of the second sentence. As to the third sentence, and the sentences and partial sentences quoted as part of the third sentence, admit that plaintiff requested a reconsideration and received a response thereto, and refer the Court to that request and response for a complete and accurate statement of their contents. As to the final sentence of this paragraph, defendants admit that plaintiff appears to have requested an ALJ hearing and that the request was unanswered at the time this allegation was made, although plaintiff has since received a response, the requested ALJ hearing, an ALJ decision, and a decision from the Medicare Appeals Council (MAC) declining to review the ALJ decision.

28.  Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph.

29.  This paragraph pertains exclusively to causes of action that have been dismissed, so no response is required.

30.  As to the first sentence, defendants lack information sufficient to form a belief about what plaintiffs are aware of and aver that to the extent plaintiffs are characterizing correspondence attached to the declaration of David A. Nelson, no response is required; to the extent a response is required, deny and refer the Court to the correspondence in question for a complete and accurate understanding of its contents. As to the second sentence, denied except admit that the Associate General Counsel responded to Mr. Nelson and refer the Court to that

response (Exhibit D to Mr. Nelson's declaration) for a complete and accurate understanding of its contents. As to the third and fourth sentences, denied except admit that plaintiff Kraus did not receive an answer for approximately three years; by way of further response, plaintiff Kraus has now received a response, the requested ALJ hearing, an ALJ decision, and a decision from the Medicare Appeals Council (MAC) declining to review the ALJ decision.

31. Denied.

32. This paragraph contains legal conclusions and plaintiff's characterization of the POMS provisions, which speak for themselves, so no response is required. To the extent a response is required, denied.

33. Denied.

34. As to the first sentence, defendants lack information sufficient to form a belief as to the truth of what plaintiffs want, and further aver that the remaining allegations in this sentence assert conclusions of law to which no response is required, and to the extent a response is required, denied. As to the second and third sentences, defendants lack information sufficient to form a belief as to the truth of what plaintiffs want or believe.

35. Denied except aver that defendants lack information sufficient to form a belief as to the truth of what plaintiffs want.

36. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, denied.

37. Defendants hereby incorporate and repeat the respective responses to paragraphs 1 through 36 above, inclusive.

38-39. These paragraphs contain conclusions of law and characterizations of various POMS provisions and legal provisions which speak for themselves, and thus no response is required; to the extent a response is required, denied.

40. The paragraph contains conclusions of law to which no response is required; to the extent a response is required, denied.

41. Defendants hereby incorporate and repeat the respective responses to paragraphs 1 through 40 above, inclusive.

42-43. These paragraphs contain conclusions of law and characterizations of various POMS provisions and legal provisions which speak for themselves, and thus no response is required; to the extent a response is required, denied.

44. The first sentence contains conclusions of law to which no response is required; to the extent a response is required, denied. The second sentence is denied.

45. Defendants hereby incorporate and repeat the respective responses to paragraphs 1 through 44 above, inclusive.

46-47. These paragraphs contain conclusions of law and characterizations of various POMS provisions and legal provisions which speak for themselves, and thus no response is required; to the extent a response is required, denied.

48. The first sentence contains conclusions of law to which no response is required; to the extent a response is required, denied. The second sentence is denied.

49. Defendants hereby incorporate and repeat the respective responses to paragraphs 1 through 48 above, inclusive.

50-51. These paragraphs contain conclusions of law and characterizations of various POMS provisions and legal provisions which speak for themselves, and thus no response is required; to the extent a response is required, denied.

52. The first sentence contains conclusions of law to which no response is required; to the extent a response is required, denied. The second sentence is denied.

53. Defendants hereby incorporate and repeat the respective responses to paragraphs

1 through 52 above, inclusive.

54-55. These paragraphs contain conclusions of law and characterizations of various POMS provisions and legal provisions which speak for themselves, and thus no response is required; to the extent a response is required, denied.

56. The first sentence contains conclusions of law to which no response is required; to the extent a response is required, denied. The second sentence is denied.

57. Defendants hereby incorporate and repeat the respective responses to paragraphs 1 through 56 above, inclusive.

58-59. These paragraphs contain conclusions of law and characterizations of various POMS provisions and legal provisions which speak for themselves, and thus no response is required; to the extent a response is required, denied.

60. The first sentence contains conclusions of law to which no response is required; to the extent a response is required, denied. The second sentence is denied.

Prayer. No answer to the prayer is required, but deny that plaintiffs are entitled to the requested relief or to any relief whatsoever.

Every averment or allegation in the Complaint not otherwise admitted is hereby denied. For the reasons set forth above, the Court should dismiss plaintiffs' case with prejudice.

Dated: October 28, 2009                                          Respectfully submitted,

TONY WEST
Assistant Attorney General
CHANNING D. PHILLIPS
Acting United States Attorney
SHEILA M. LIEBER
Deputy Branch Director


 /s/ Peter Bryce
PETER BRYCE (IL Bar No. 6244216)
Trial Attorney
United States Department of Justice
Civil Division, Rm. 7308
20 Massachusetts Ave, NW
Washington, D.C.  20530
Telephone:  (202) 616-8335
Fax:  (202) 616-8470
E-mail: Peter.Bryce@usdoj.gov

*Counsel for Federal Defendants*